# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'DELL SR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DALE IKEDA, *et al.*,<br><br>Defendants. | **Case No. 1:17-cv-00496-DAD-EPG**<br><br>**ORDER STRIKING AND SEALING DOCUMENTS CONTAINING IMPROPER MATERIAL AND GRANTING LEAVE TO RE-FILE**<br><br>(ECF Nos. 1, 2) |

Plaintiffs Brian O'Dell, Sr. and Candice O'Dell, appearing *pro se*, filed a Complaint on April 7, 2017 (ECF No. 1), along with a motion to proceed *in forma pauperis* for Candice O'Dell (ECF No. 2). The Court has reviewed the Complaint and Motion to Proceed *In Forma Pauperis* and finds that the filings contain private identifying information concerning minors.[1]

Rule 5.2 of the Federal Rules of Civil Procedure provides:

> **(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;

---

[1] To the extent that the Plaintiffs intended to file Complaint initiating this action under seal, that request is denied due to the absence of good cause. *See* CAED-LR 141(a).

1

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). Furthermore, the Local Rules of this Court provide that:

**(a) Privacy In General.** Except as set forth below, pursuant to the Judicial Conference Policy on Privacy and Electronic Access to Case Files, and the E-Government Act of 2002, Pub. L. No. 107-347, effective April 16, 2003, when filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise:

(i) Minors' names: In criminal actions, use the minors' initials; in civil actions use initials when federal or state law *require* the use of initials, or when the specific identity of the minor is not necessary to the action or individual document;

(ii) Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;

(iii) Social Security numbers: Use only the last four numbers;

(iv) Dates of birth: Use only the year;

(v) Home addresses in criminal actions only; use only the city and state; and

(vi) All other circumstances: Redact when federal law requires redaction.

CAED-LR 140.

Plaintiffs are advised that they are held to the same standards as attorneys in filing documents with the court. All rules apply equally to them irrespective of their *pro se* status. In particular, they are required to refer to any minors in their pleadings using the minors' initials. The Court will thus seal and strike Plaintiffs' filings from the docket and provide them leave to re-file appropriate pleadings.

With respect to the substance of Plaintiffs' Complaint, however, Plaintiffs are advised that a preliminary review of the Complaint indicates that the Complaint may not state a claim for which the Court can offer relief. The Complaint alleges a claim under 42 U.S.C. § 1983, but

to state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Private parties do not act "under color of state law" when they pursue unlawful detainer actions in court. *Cutlip v. Deutche Bank Nat'l Trust Co. for Harborview Mortg. Loan Trust Pass-Through Certificates 2007-7*, No. 15-CV-01345-BLF, 2015 WL 1928257, at *3 (N.D. Cal. Mar. 27, 2015) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."), *quoting Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Brambila v. Reo Bay Area, LP*, No. C 11-03202 SI, 2011 WL 4031142, at *4 (N.D. Cal. Sept. 8, 2011) ("Use of the unlawful detainer process standing alone does not transform acts by a private party into acts under color of law for purposes of § 1983.")

Before re-filing their pleadings, Plaintiffs should carefully consider their options and should only re-file their complaint if they believe that can allege facts sufficient to state a claim against each defendant they name. If Plaintiffs decide that they do not wish to re-file their complaint, they should so inform the Court by filing a notice indicating that they wish to dismiss their case.

In accordance with Rule 5.2 of the Federal Rules of Civil Procedure, the Court hereby STRIKES the filings (ECF Nos. 1, 2) from the docket and directs Plaintiffs to re-file the documents in manner that complies with the rules of this Court within **14 days**. For the protection of the minors, the Clerk of the Court is DIRECTED to place the filings (ECF Nos. 1, 2) under seal.

Failure to follow the directives of this order will result in dismissal of this action.
IT IS SO ORDERED.

Dated: **April 11, 2017**

/s/ Erin P. Gro[sig]
UNITED STATES MAGISTRATE JUDGE

3