# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'DELL, SR., *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> DALE IKEDA, *et al*., <br><br> Defendants. | **Case No. 1:17-cv-00496-DAD-EPG** <br><br> **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER** <br><br> (ECF No. 3) |

Plaintiffs Brian O'Dell, Sr. and Candice O'Dell, appearing *pro se*, filed a Complaint on April 7, 2017. (ECF No. 1.) Plaintiffs also filed a motion to proceed *in forma pauperis*. After reviewing the Complaint and Motion, the Court determined that both filings contained private identifying information concerning minors. (ECF No. 3.) On April 12, 2017, the Court struck both filings and instructed Plaintiffs to correct the error and refile their pleadings within 14 days. Plaintiffs were also warned that a preliminary review of the Complaint suggested that the Court may not have subject matter jurisdiction to hear the case because it revolved around the eviction of the Plaintiffs from a mobile home. Plaintiffs were warned that a failure to file a Complaint that complied with the Federal Rules of Civil Procedure and Local Rules would lead to dismissal of the case. More than 14 days have passed and Plaintiffs have not responded to the Order.

The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be

1

grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id., quoting Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action is pending and lacks a complaint. Plaintiffs were instructed to file a complaint and have not complied. Plaintiffs' failure to respond to the Court's order reflects Plaintiffs' lack of interest in prosecuting this case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, there is currently no operative complaint that states a claim, minimizing the risk of prejudice due to dismissal at this stage. Moreover, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991. In addition, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, even assuming that Plaintiffs could state a cause of action. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little

2

available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id*. at 643. Even this factor is mitigated, however, by the fact that Plaintiffs' lack of action means that there is no active complaint in this case. Thus, any "merits" the case may have are entirely hypothetical.

Moreover, there is now no operative complaint in this action. Plaintiffs were warned in the Court's Order that their failure to respond to the Order would result in the dismissal of his case. (ECF No. 3.) Accordingly, this case should be dismissed.

Based on the foregoing, it is hereby recommended that:

1. This action be DISMISSED for Plaintiffs' failure to comply with the Court's orders and for Plaintiffs' failure to prosecute this action; and,

2. The Clerk of Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014), *citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 4, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE